IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Vincent Smith, # 284888, *a/k/a Michael V. Smith*, | ) C/A No. 8:09-643-TLW-BHH |
| Petitioner, | ) ) ) Report and Recommendation |
| vs. | ) |
| Warden McCall, Perry Correctional Institution, | ) ) |
| Respondent. | ) ) |
| _____ | ) |

## Background

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254.  The petitioner,

Michael Vincent Smith, who is confined at Perry Correctional Institution, a part of the South

Carolina Department of Corrections ("SCDC"), filed this action on March 10, 2009, the date

it was received in the prison mail room.  *See Houston v. Lack*, 487 U.S. 266 (1988)

(prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding

to District Court).  The petitioner also filed this action pursuant to 28 U.S.C. § 1915 by

requesting to proceed *in forma pauperis*.

It appears that the petitioner was convicted by guilty plea in the Greenville County

Court of General Sessions on two counts of kidnaping, armed robbery, and first degree

burglary, and sentenced on June 13, 2002, to fifty years in prison.  He filed a direct appeal

to the South Carolina Court of Appeals, which dismissed the appeal on July 23, 2004.  The

petitioner did not seek further direct review of his criminal case.  *See* Docket Entry #6. The

date of remittitur from the South Carolina Court of Appeals is unknown, so giving the

petitioner the benefit of the doubt, the date August 20, 2004, will be used as the date the conviction became "final."[1]

On February 9, 2005, the petitioner filed an action for post-conviction relief ("PCR") in the Greenville County Court of Common Pleas. On July 17, 2006, the circuit court dismissed the PCR. It appears that the petitioner then filed a writ of certiorari in his PCR case with the South Carolina Supreme Court, which was dismissed on December 25, 2007. It further appears that at no time did the petitioner file any petitions with the United States Supreme Court. *See* Docket Entry #6. This court has discerned that the South Carolina Supreme Court entered the remittitur in the petitioner's PCR action on January 2, 2008.[2]

 On the petitioner's habeas petition, he answered question #18 regarding timeliness of filing in federal court by explaining that he had until March 25, 2009, to file his habeas

---

[1] The date of the remittitur from the South Carolina Court of Appeals is not disclosed in the petition, but it can be judicially noticed that the remittiturs are, typically, issued between a day and two weeks after the decision. Hence, in calculating the limitations period and construing matters in a manner most favorable to the petitioner, the undersigned is giving the petitioner four weeks.

[2] *See* http://www.greenvillecounty.org (last visited April 14, 2009). *Copy and Paste the following link to view petitioner's record in the PCR action.*

http://www.greenvillecounty.org/scjd/publicindex/SCJDPublicIndex23/PICaseDetails.aspx?County=23+&Casenum=2005CP2300950&CourtType=G&CaseType=Civil&CourtAgency=23002&LastName=Smith&FirstName=Michael

The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

action in federal court.  *See* Docket Entry #1.  He explained that he understood the method

of calculation to give him ninety (90) days after the South Carolina Supreme Court denied

his writ of certiorari on December 25, 2007, plus the additional one year.  On March 18,

2009, this court directed special interrogatories to the petitioner with regard to the

timeliness of this action.  *See* Docket Entry #5.  The interrogatories stated, "[t]his order is

notice to the petitioner that the court is considering *sua sponte* dismissal of your case

based on the one-year statute of limitations."  Question #4 directed the petitioner to, "[s]et

forth every reason that you may have why you waited until March 10, 2009, to file your

habeas petition in this court."  *Id.*    The petitioner responded,

> I explained in my habeas corpus application on Dec. 25, 2007 my writ of
> certiorari was denied.  I'm not sure if that is the accurate date cause I did not
> have the paper while in solidatary [sic] confidment [sic] (SMU).  To my
> understanding I had 90 days from the date my writ of certiorari was
> dismissed to file an appeal.  So I added 90 days from Dec. 25 2007 thinking
> I had till March 25, 2009 to have my habeas corpus application in the courts.
> While I was in lock-up I did not have the legal documents I needed to
> answers [sic] all question on the application.  I will appreciate it if the judge
> will take all this in consideration for my not have full knowledge of the time
> limit between the 90 days filing an appeal from the date my writ of certiorari
> was dismissed.

*See* Docket Entry #6.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* petition filed in the above-captioned case.  The review was conducted

pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective

Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

## Discussion

When the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") took effect in 1996, Congress prescribed a uniform rule: "'[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2244(d)(1)." *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006).

District courts are permitted, but not required, to consider *sua sponte* the timeliness of a state prisoner's § 2254 habeas petition after giving the parties "fair notice and an opportunity" to present their position regarding the statute of limitations. *Id.* at 209-10. Subsection (d)(1)(A) of section 2244 provides that the limitations period shall run from the date when the judgment of conviction became final at the conclusion of direct review. Title 28 U.S.C. § 2244. Subsection (d)(2) of section 2244 provides that the limitations period is tolled while properly filed state post-conviction or collateral attack actions are pending. *Id.*

In the petitioner's case, the one-year statute of limitations began to run on the date his conviction became final, not at the end of PCR review. *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000). In South Carolina, if a criminal defendant files a direct appeal to the Court of Appeals and his conviction is affirmed, the conviction becomes final upon remittitur.[3] *Dunlap v. State*, 641 S.E.2d 431 (S.C. 2007) (holding that in an appeal from a criminal conviction a litigant is not required to petition for rehearing and certiorari following an adverse decision by the Court of Appeals in order to exhaust all available state remedies). Here, the court is giving the petitioner the benefit of the doubt that the remittitur was entered on August 20, 2004, four weeks after his appeal was dismissed. The petitioner filed his PCR action on February 9, 2005, in the Greenville County Court of

---

[3] If a petitioner appeals to the South Carolina Supreme Court and his conviction is affirmed, the conviction usually becomes final 90 days after the final ruling of the South Carolina Supreme Court. *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup.Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is ninety days).

Common Pleas.  Thus, the time between August 20, 2004, and February 9, 2005, was *not* tolled, and the number of days equals 172 days.

The time between February 9, 2005, and January 2, 2008, *was* tolled for statute of limitations purposes due to the pendency of the petitioner's state PCR action.  The petitioner did not file a petition for writ of certiorari with the United States Supreme Court.[4] Thus, from January 3, 2008, until March 10, 2009, the date the petitioner filed this action, was *not* tolled, and the number of days equals 431 days.  Accordingly, 172 days of untolled time accrued prior to the PCR proceedings and 431 days of untolled time accrued after the conclusion of the PCR proceedings, for a total of 603 days.  This aggregate time period exceeds the one-year statute of limitations required by the AEDPA's amendments to Title 28 U.S.C. § 2244(d).  Therefore, the present petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).[5]  *See also Day v. McDonough*, 547 U.S. 198 (2006).  *Cf. Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va.

---

[4] After the denial of PCR relief in state courts, neither the time for filing a petition for certiorari in the United States Supreme Court nor the time such a petition is considered by the United States Supreme Court is tolled.  *See Lawrence v. Florida*, 549 U.S. 327, 331-33 (2007); *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).

[5] The petitioner's response (Answers to Court's Special Interrogatories – Docket Entry #6) to this court's order of March 18, 2009, and his right to file objections to this Report and Recommendation **constitute the petitioner's opportunities to object to a dismissal of this petition based on the statute of limitations.**  *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal); *McClellan v. Cartledge*, No. 9:06-3057-PMD-BM, 2009 WL 210922 at *2 n.2 (D.S.C. Jan. 28, 2009). *Cf. Bilal v. North Carolina*, 287 Fed.Appx. 241, 2008 U.S. App. LEXIS 15458, 2008 WL 2787702 (4th Cir., July 18, 2008).

1989) (civil rights case: "A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").[6]

The Fourth Circuit Court of Appeals has held that the one-year statute of limitations is subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). *Accord Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling should be "reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (citation omitted). An attorney's miscalculation of the time deadline is not sufficient to warrant equitable tolling. *Id.* A petitioner's confusion about the law does not warrant equitable tolling where the state of the law was settled. *Id. See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that an unrepresented prisoner's ignorance of the law is not extraordinary nor a circumstance external to his control).

---

[6]The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted from quotation).

On the petition in response to Question 18 regarding timeliness, the petitioner wrote, "[p]etitioner had 90 days to file a petition against the Supreme Court.  My appealed [sic] for the Supreme Court was dismissed December 25, 2007, so add 90 days to Dec. 25 and my one-year statute of limitations is not over until March 25, 2009."  *See* Docket Entry #1 at p. 14.  By propounding the Court's Special Interrogatories to Petitioner, the court gave the petitioner another opportunity to set forth every reason he has why he did not file his federal habeas petition until March 10, 2009.  The petitioner was notified that this court was considering *sua sponte* dismissal of his case based on the one-year statute of limitations.  *See* Docket Entry #5.  The petitioner gave the following answer to the Court's Special Interrogatory:

> I explained in my habeas corpus application on Dec. 25, 2007 my writ of certiorari was denied.  I'm not sure if that is the accurate date cause I did not have the paper while in solidatary [sic] confidment [sic] (SMU).  To my understanding I had 90 days from the date my writ of certiorari was dismissed to file an appeal.  So I added 90 days from Dec. 25 2007 thinking I had till March 25, 2009 to have my habeas corpus application in the courts.  While I was in lock-up I did not have the legal documents I needed to answers [sic] all question on the application.  I will appreciate it if the judge will take all this in consideration for my not have full knowledge of the time limit between the 90 days filing an appeal from the date my writ of certiorari was dismissed.

*See* Docket Entry #6.

The petitioner's responses amount to a claim of ignorance of the law because he did not understand the method for calculating the one-year period.  He also raises the issue of being in solitary confinement or lock-up where he did not have access to his legal documents.  "Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling" in certain cases.  *See Ballard v. Carey*, No. CVF046583WMWHC, 2006 WL 547995 at *5 (E.D. Ca.  March 3, 2006).  In this case, it

is clear from the face of the petition and the face of the Petitioner's Answers to Court's Special Interrogatories that the petitioner was confused about the method for calculating the one-year limitations period and how to count the tolling period.  It plainly appears from all of the documents filed in this action that there are no facts or circumstances alleged that would warrant equitable tolling.

Recommendation

Accordingly, it is recommended that the § 2254 petition be dismissed *with prejudice and without requiring the respondent to file a return* because the petition is clearly untimely under the one-year limitations provision of the AEDPA.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.  ***The petitioner's attention is directed to the important notice on the next page.***

s/Bruce Howe Hendricks
United States Magistrate Judge

April 20, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).